# EXHIBIT A

# State of Tennessee
## In the Circuit Court of HAMILTON County

DEWAYNE J. BURNETTE

_____
Plaintiff

No. 17C767

WESTROCK SOUTHERN CONTAINER, LLC
_____
Defendant

*FILED IN OFFICE 2017 JUL -6 AM 11:35 LARRY L. HENRY, CLERK BY___ BC*

# SUMMONS

| | c/o Registered Agent: Corporation Service Co. |
|---|---|
| **TO:** WESTROCK SOUTHERN CONTAINER, LLC | 2908 Poston Ave., Nashville, TN 37203-1312 |
| Defendant | Address |
| Defendant | Address |
| Defendant | Address |

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 6th day of July, 2017

**CIRCUIT COURT OF HAMILTON COUNTY**
Hamilton County Courthouse
Chattanooga, TN 37402
423/209-6700

Larry L. Henry, Circuit Court Clerk

By _H. Novikov_
Deputy Circuit Court Clerk

Attorneys for Plaintiff **CARMEN Y. WARE, BPR # 23951**

200 W MARTIN LUTHER KING JR BLVD, SUITE 1000, CHATTANOOGA, TN 37402, 423/208-9790
Address

Plaintiff's Address **c/o Attorney**

Received this _____ day of _____, 2017

/S/ _____
Deputy Sheriff


ADA COORDINATOR, MARY FAYE PAYNE (209-6700)

**State of Tennessee,**
**COUNTY OF HAMILTON**

I, Larry Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry Henry**, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____, 20____, I delivered a copy of the summons and complaint to the defendant, _____

☐ Failed to serve this summons within 30 days after its issuance because:

_____

**[Name of Sheriff], Sheriff**

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____ 20____.

_____
Defendant

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

### Notice to Defendant(s)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items by seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel or lawyer.

# CIVIL CASE COVER SHEET

Check One: ☒ CIRCUIT COURT  ☐ CHANCERY COURT  DOCKET NO. 17C767
Date _____   Attorney of Record CARMEN Y. WARE, ESQ.

**I. Origin (Check One)**
☒ Original Proceeding ☐ Case Reopened ☐ Counter-claim ☐ Cross-claim
☐ 3rdParty Claim ☐ Intervening Claim ☐ Other (Specify) _____

**II. TYPE OF SUIT (CHECK ONE)**

**DOMESTIC RELATIONS**
☐ 361 Paternity ☐ 362 Legitimation ☐ 363 Adoption
☐ 371 Divorce ☐ 381 Order Of Protection
☐ 391 Reciprocal Support – Incoming ☐ 392 Reciprocal Support – Outgoing
☐ 401 Other Domestic Relations (Specify) _____

**GENERAL CIVIL**
☐ 461 Contract/Debt ☐ 462 Specific Performance ☐ 512 General Sessions Appeal ☐ 513 Appeal From Admin. Hearing
☒ 471 Damages/Torts ☐ 481 Real Estate Matter ☐ 572 Guardianship ☐ 573 Trust
☐ 491 Workers Compensation ☐ 511 Juvenile Court appeal
☐ 501 Probate ☐ 571 Conservatorship
☐ 581 Miscellaneous General Civil (Specify) _____

Other ☐ 541 Judicial Hospitalization

**PETITION FOR: (REOPENED CASES)**
☐ 382 Contempt ☐ 383 Custody/Visitation/Child Support ☐ 387 Wage Assignment Hearing
Other ☐ 551 Other

**III.** Total amount sued for $3,500,000
Specify type of damages or relief sought Compensatory and Punitive
Statutory authority for suit, if any T.C.A. § 39-13-301 and 302 et. seq.

**IV.** Check one, ☒ Affidavit to Proceed in Forma Pauperis ☐ Cost Bond Surety _____
**V.** JURY DEMAND (Check Yes Only If Demanded In Complaint) ☒ Yes ☐ No
**VI.** RELATED CASES (If Any) Docket # _____ Judge _____
Date Filed _____ Status _____

**VII. PLAINTIFF / PETITIONER INFORMATION** (List Additional Parties On Supplemental Form)
1. Name  BURNETTE / DEWAYNE / JUAN
   LAST / FIRST / MIDDLE
☐ AKA ☐ DBA ☐ BNF
S.S. # 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  DOB 08/26/1957  Drivers License # _____

| | |
|---|---|
| COMPANY NAME | ATTORNEY: THE WARE LAW FIRM/CARMEN YVETTE WARE |
| ADDRESS: 2510 OLIVE STREET | ADDRESS: 200 W MARTIN LUTHER KING BLVD, SUITE 1000 |
| CITY: CHATTANOOGA  STATE: TN  ZIP: 37406 | CITY: CHATTANOOGA  STATE: TN  ZIP: 37402 |
| EMPLOYER: WESTROCK | PHONE: 423-208-9790 |
| ADDRESS: 3800 TAG RD | BOARD OF PROFESSIONAL RESPONSIBILITY #: 023951 |
| CITY: CHATTANOOGA  STATE: TN  ZIP: 37416 | |

**VIII. DEFENDANT/ RESPONDENT INFORMATION** (List Additional Parties On Supplemental Form)
1. Name _____
   LAST / FIRST / MIDDLE
☐ AKA ☐ DBA ☐ BNF
S.S. # __-__-____  DOB _____  Drivers License # UNKNOWN

| | |
|---|---|
| COMPANY NAME: WESTROCK SOUTHERN CONTAINER, LLC | ATTORNEY: |
| ADDRESS: 3800 TAG ROAD | ADDRESS: |
| CITY: CHATTANOOGA  STATE: TN  ZIP: 37416 | CITY  STATE  ZIP |
| EMPLOYER: SAME | PHONE: |
| ADDRESS: SAME | BOARD OF PROFESSIONAL RESPONSIBILITY #: |
| CITY  STATE  ZIP: SAME | ☐ Publication (specify) _____  ☒ Other (specify) _____  Special Instructions SERVE THRU REGISTERED AGENT |

TYPE OF SERVICE REQUIRED (Check One)
☒ Out of County Sheriff DAVIDSON
☐ Local Sheriff
☐ Comm. Of Ins.
☐ Secretary of State.

**IX. ASSOCIATED PARTY (Uninsured Motorist Carrier) INFORMATION**
1. Name _____
ADDRESS _____
CITY  STATE  ZIP
Type Of Service (specify) _____
Are additional plaintiffs or defendants listed on a separate sheet? ☐ YES ☒ NO

## IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| DEWAYNE J. BURNETTE<br>Plaintiff, | )<br>) DOCKET NO. 17C767<br>) |
| v. | ) JURY DEMAND<br>) |
| WESTROCK – SOUTHERN CONTAINER, LLC | )<br>) |
| Defendant. | ) |

## COMPLAINT

Now come the Plaintiff, DeWayne Juan Burnette, Sr. (hereinafter "Mr. Burnette" or "Plaintiff"), by and through counsel, and files this action pursuant to Tenn. Code Ann. § 39-13-301 et. eq., and Tenn. Code Ann. § 39-13-302 specifically, and states as his cause of action against the defendant as follows:

## PARTIES

1. The plaintiff, DeWayne Juan Burnette, Sr., is a resident of Hamilton County, Tennessee.

2. Defendant, WestRock – Southern Container, LLC (hereinafter "Defendant" or "WestRock") is a foreign corporate entity formed pursuant to the laws of the state of Delaware with a place of business in Hamilton County, TN located at 3800 Tag Road, Chattanooga, TN 37416. Defendant can be served with process through its registered agent, Corporation Service Co, located at 2908 Poston Ave., Nashville, TN 37203-1312.

### Jurisdiction and Venue

3. The transaction(s) and/or event(s), giving rise to the Plaintiff's cause of action took place in Hamilton County, Tennessee. Based on the foregoing, venue and jurisdiction are proper with this Honorable Court

pursuant to *inter alia* T.C.A. § 20-4-104. This Honorable Court also has jurisdiction pursuant to *inter alia* T.C.A. § 16-10-101.

## **FACTS**

4. On or about July 08, 2016, while employed with Defendant and serving as the union representative, Mr. Burnette was working in the plant where temperatures reached greater than 100 degrees.[1] Mr. Burnette became hot, diaphoretic, weak, dizzy, faint and generally ill. This condition progressively worsened to the point that he requested to his supervisor, Corey Reese, that he needed to leave to seek medical treatment.

5. Despite Mr. Burnette's declining health and increasing pain, Mr. Reese repeatedly advised Mr. Burnette that he could not leave until his shift was over, threatening him with loss of his job. Mr. Reese continued to push fluids upon Mr. Burnette, encouraging him to try to urinate without success.

6. After being informed of his father's health condition, Mr. Burnette's son, DeWayne Burnette, Jr., arrived to take Mr. Burnette to the hospital. However, Mr. Reese informed both Mr. Burnette and his son that Mr. Burnette could not leave because his shift was not over. Mr. Reese further refused to allow an ambulance to be called to the site.

---

[1] Mr. Burnette had been in negotiations with the defendant to address issues related to the excessive heat and broken fans.

2

Mr. Reese advised that if Mr. Burnette left, Mr. Burnette would lose his job. Mr. Reese then told Mr. Burnette's son that he could not be in the plant and instructed DeWayne Burnette, Jr. to leave.

7. When Mr. Burnette' son returned after the shift was over, Mr. Reese still refused to allow Mr. Burnette to leave. Mr. Reese stated that he was on the phone with his boss, Jack Chaffin, who had instructed Mr. Reese to keep Mr. Burnette there for another 30 minutes at least or until Mr. Burnette urinated. Mr. Reese instructed Mr. Burnette and his son that he, Mr. Reese, and Mr. Burnette both would loose their jobs, if Mr. Burnette left the job site. By the time Mr. Burnette was allowed to leave, he could not walk or stand. He had to be carried out by his son, Mr. Reese, and several co-workers.

8. Mr. Burnette was immediately taken to the emergency room of Memorial Hospital where Mr. Burnette was told that had he had waited any longer, he would be dead. Mr. Burnette was diagnosed with heat stroke resulting in dehydration, acute renal failure, hyperkalemia and rhabdomyolysis; he was admitted to the intensive care unit.

## **LIABILITY**

Plaintiff incorporates paragraphs 1 - 8 by reference herein.

9. Defendant, through its employees and/or agents, intentionally and unlawfully confined Mr. Burnette as to substantially interfere with his liberty to

3

leave and seek professional medical treatment, upon threat of employment termination. Mr. Burnette acquiesced to the threats through fear of loosing his long time employment and only source of income for he and his family.

## DAMAGES

The plaintiff incorporates paragraphs 1 – 9 hereinabove.

10. As a direct and proximate result of the defendant's deliberate actions, including false imprisonment and substantial interference with Mr. Burnette's liberty, Mr. Burnette suffered and continues to suffer permanent physical and emotional/mental injury and scars as well as related pain and suffering. Plaintiffs are entitled to recover for medical expenses, past, present and future; loss of income, past and future, as well as decreased earning capacity; pain and suffering; loss of enjoyment of life; and all other damages as allowed pursuant to Tennessee law, all of which damages shall be proven at the time of trial.

11. Defendant's aforementioned conduct toward plaintiffs was committed in an intentional, deliberate, reckless and/or malicious manner and resulted in physical injuries, economic damages and severe emotional distress including, but not limited to, increased pain and suffering, anxiety, anger and depression.

12. The aforementioned conduct and acts of the defendant against the plaintiff were outrageous and intolerable as to offend generally accepted standards of decency and morality.

4

## PRAYER FOR RELIEF

The plaintiffs incorporate paragraphs 1 – 12 hereinabove.

13. WHEREFORE, Mr. Burnette prays that the Court render a judgment against the Defendant in such amounts as shall be determined to fully and fairly compensate the Plaintiff for all statutory, general, special, incidental and consequential damages incurred as a result of the acts of the Defendant in the amount of $1,000,000 in compensatory damages and $2,500,000 in punitive damages;

14. That proper process be had upon the Defendant named hereinabove;

15. That the Court tax all costs of the Court to the Defendant and award the Plaintiff his court costs, discretionary costs, and any such other and further relief as the Court deems necessary and proper under the circumstances;

16. That the Court allow the Plaintiff to amend or modify this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all parties have been served and responded; and

17. That Plaintiff demands and be allowed a trial by a jury pursuant to this demand.

Respectfully submitted,

By: *Carmen Y. Ware*
CARMEN Y. WARE, BPR # 023951
**THE WARE LAW FIRM**
200 W Martin Luther King BLVD, Ste 1000
Chattanooga, TN 37402
423/208-9790(P) 423/208-9791(F)
*Attorney for Plaintiff*

5

# VERFICATION

_[signature: DeWayne Burnette]_
DEWAYNE J. BURNETTE

**STATE OF** Tennessee )

**COUNTY OF** Hamilton )

Before me personally appeared <u>DeWayne J. Burnette, Sr.</u>, to me known or proven to be the person described herein and who executed the foregoing instrument certifying that the information provided herein is true and correct to the best of his ability and acknowledged that he executed the same as his own free act and deed.

Sworn to and subscribed before me this 5th day of July, 2017.

_[signature: Carmen Y. Ware]_
NOTARY PUBLIC

My Commission Expires: 11-24-2018

_[Notary seal: CARMEN YVETTE WARE, STATE OF TENNESSEE, NOTARY PUBLIC, HAMILTON COUNTY]_

6