# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **DEWAYNE J. BURNETT** ) | |
|     Plaintiff, ) | Case No. 1:17-cv-00217 |
| ) | |
| v. ) | Judge Greer |
| ) | |
| **WESTROCK – SOUTHERN CONTAINER, LLC,** ) | |
| **COREY REESE, JACKIE CHAFFIN, and** ) | |
| **BRIAN ZEBROWSKI** ) | Magistrate Judge Lee |
| ) | |
|     **Defendants.** ) | |

## AMENDED COMPLAINT

Now comes the Plaintiff, DeWayne Juan Burnette, Sr. (hereinafter "Mr. Burnette" or "Plaintiff"), by and through counsel, and files this Amended Complaint as a matter of course pursuant to Federal Rules of Civil Procedure, Rules 15(a)(1), 4(c), and 4(m), Tenn. Code Ann. § 39-13-301 et. eq., and Tenn. Code Ann. § 39-13-302 specifically, and Tennessee common law creating an exception to the exclusive remedy for workers' compensation injuries, and states as his cause of action against the defendants as follows:

## PARTIES

1. The plaintiff, DeWayne Juan Burnette, Sr., is a resident of Hamilton County, Tennessee.

2. Defendant, WestRock – Southern Container, LLC (hereinafter "Defendant" or "WestRock") is a corporate entity, previously incorporated in the State of Tennessee as the now inactive Rock-Tenn Company, currently actively incorporated in the states of Delaware, Georgia, and Illinois with a place of business in Hamilton County, TN located at 3800 Tag Road, Chattanooga, TN

37416. Defendant has been served with process through its registered agent, Corporation Service Co, located at 2908 Poston Ave., Nashville, TN 37203-1312. Defendants Corey Reese, Jack Chaffin, and Brian Zebrowski are all residents of the state of Tennessee.

## Jurisdiction and Venue

3.   The transaction(s) and/or event(s), giving rise to the Plaintiff's cause of action took place in Hamilton County, Tennessee. Based on the foregoing, venue and jurisdiction are proper with the Hamilton County Circuit Court pursuant to *inter alia* T.C.A. § 20-4-104. Defendant WestRock removed this matter to the US District Court Eastern District of Tennessee at Chattanooga pursuant to 28 USC §1441.

## **FACTS**

4.   On or about July 08, 2016, while employed with Defendant and serving as the union representative, Mr. Burnette was working in the plant where temperatures reached greater than 100 degrees.[1] On the day in question, Mr. Burnette had been assigned to a different more strenuous job near heat producing machines where the fans were not working and of which the defendants were aware. Mr. Burnette became hot, diaphoretic, weak, dizzy, and generally ill feeling. This was reported to Mr. Burnette's supervisor, Corey Reese, who sent Mr. Burnette to a cool office and instructed him to drink water. After returning to work,

---

[1] Mr. Burnette had been in negotiations with the defendant to address issues related to the excessive heat and broken fans as well as other contractual issues.

Mr. Burnette's condition persisted and worsened. Mr. Burnette informed Mr. Reese, that he needed to leave to seek medical treatment.

5. Despite Mr. Burnette's continued pleading and reports to Mr. Reese of declining health, including increased sweating, weakness, difficulty walking, increasing pain, inability to urinate, and generally feeling poorly, Mr. Reese repeatedly advised Mr. Burnette that he could not leave until his shift was over, threatening him with loss of his job.

6. After being informed of his father's health condition, Mr. Burnette's son, DeWayne Burnette, Jr., arrived to take Mr. Burnette to the hospital. However, Mr. Reese informed both Mr. Burnette and his son that Mr. Burnette could not leave because his shift was not over. Mr. Reese further refused to allow an ambulance to be called to the site. Mr. Reese advised that if Mr. Burnette left, Mr. Burnette would lose his job. Mr. Reese then told Mr. Burnette's son that he could not be in the plant and instructed DeWayne Burnette, Jr. to leave from inside the plant.

7. Mr. Burnette's son came back into the plant about two hours later, after the shift was over, to find his father in a dark locked room where Mr. Reese had placed him and turned out the lights. Mr. Burnette was trembling, unable to walk or stand, disoriented, and having difficulty speaking.

8. Mr. Reese stated that he was on the phone with his boss, Jack Chaffin, who had instructed Mr. Reese to keep Mr. Burnette there for another 30 minutes at least or until he urinated. Mr. Reese instructed Mr. Burnette and his son that he, Mr. Reese, and Mr. Burnette both would loose their jobs, if Mr. Burnette left the job site. By the time Mr. Burnette was allowed to leave, he was disoriented, having slurred speech and could not walk or stand. He had to be carried out by his son, Mr. Reese, and several co-workers.

9. Mr. Burnette was immediately taken to the emergency room of Memorial Hospital where Mr. Burnette was told that had he had waited any longer, he would be dead. Mr. Burnette was diagnosed with heat stroke, dehydration, acute renal failure, hyperkalemia, bradycardia and rhabdomyolysis; he was admitted to the intensive care unit. Mr. Burnette continues to this date to have nightmares, increased anxiety, feelings of helplessness, significant distrust, depression, anger and fear of being in a confined or dark spaces, related to these events, and specifically the false imprisonment.

10. Since the filing of the original Complaint, Mr. Reese gave sworn testimony that during the period of confinement in question, he was under direct and strict orders from his supervisors, Jackie Chaffin and Brian Zebrowski, not to allow Mr. Burnette to leave the facility.

11. Defendant/Employer, WestRock, has denied that any of the injuries sustained by Mr. Burnette on or arising out of the day in question are work related or compensable under Tenn. Code Ann. § 50-6-101 et. seq.

## LIABILITY

Plaintiff incorporates paragraphs 1 - 11 by reference herein.

12. Defendants, including through its employees, representatives, and/or agents, intentionally and unlawfully confined Mr. Burnette as to substantially interfere with his liberty to leave and seek professional medical treatment, upon threat of employment termination and with physical restraint. Defendants actions were intentional, deliberate, reckless, and outrageous resulting in severe physical injury and emotional distress.

## DAMAGES

The plaintiff incorporates paragraphs 1 – 12 hereinabove.

13. As a direct and proximate result of the defendants' deliberate and intentional actions, including false imprisonment and substantial interference with Mr. Burnette's liberty, Mr. Burnette suffered and continues to suffer permanent physical and emotional/mental injury and scars as well as related pain and suffering. Plaintiff is entitled to recover for medical expenses, past, present and future; loss of income, past and future, as well as decreased earning capacity; pain and suffering; loss of enjoyment of life; and all other damages as allowed pursuant to Tennessee law, all of which damages shall be proven at the time of trial.

14. Defendants' aforementioned conduct toward Plaintiff was

committed in an outrageous, intentional, deliberate, reckless and/or malicious manner and resulted in physical injuries, economic damages and severe emotional distress including, but not limited to, increased pain and suffering, anxiety, fear, anger and depression.

15. The aforementioned conduct and acts of the defendants against the plaintiff were outrageous and intolerable as to offend generally accepted societal behavior and standards of decency and morality.

### PRAYER FOR RELIEF

The plaintiff incorporates paragraphs 1 – 15 hereinabove.

16. WHEREFORE, Mr. Burnette prays that the Court render a judgment against the Defendants in such amounts as shall be determined to fully and fairly compensate the Plaintiff for all statutory, general, special, incidental and consequential damages incurred as a result of the acts of the Defendants in the amount of $3,500,000 in compensatory damages and $3,750,000 in punitive damages jointly and severally;

17. That proper process and/or service be had upon the Defendants named hereinabove;

18. That the Court tax all costs of the Court to the Defendants and award the Plaintiff his court costs, discretionary costs, and any such other and further relief as the Court deems necessary and proper under the circumstances;

19. That the Court allow the Plaintiff to amend or modify this Complaint as necessary or appropriate after additional or further discovery is

completed in this matter, and after all parties have been served and responded; and

20. That Plaintiff demands and be allowed a trial by a jury pursuant to this demand.

Respectfully submitted,

By: /s/ Carmen Y. Ware
CARMEN Y. WARE, BPR # 023951
**THE WARE LAW FIRM**
200 W Martin Luther King BLVD, Ste 1000
Chattanooga, TN 37402
423/208-9790(P) 423/208-9791(F)
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was delivered electronically and/or U.S. Mail delivery this 30th day of August, 2017, upon:

Mary Dohner Smith at mdohner@constangy.com
Kacy Coble at kcoble@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
401 Commerce Street, Ste. 1010
Nashville, TN 37219

/s/ *Carmen Y. Ware*
Carmen Y. Ware